33528. BUSBEE et al. v. GILLIS et al.

Undercofler, Presiding Justice.

The members of the Board of Commissioners of the Peace Officers' Annuity & Benefit Fund of Georgia sought mandamus against the members of the Board of Commissioners of Treutlen County and its clerk to collect a penalty,[1] amounting to $1,064.76, authorized under Code Ann. § 78-909[2] for failure to pay amounts due the fund from the fines and forfeitures collected by the State Court of Treutlen from 1970 through 1972. The county had paid the amount due plus interest when notified of the deficiency in April, 1973, but refused to pay the statutory penalty, prompting this suit in May, 1977. The county commissioners filed a motion to dismiss, which the trial court granted. We affirm. Under Code Ann. § 3-714, an action to collect a penalty must be brought within one year. Therefore, this mandamus is barred by the statute of limitation.

---

[1] The question whether penalty can be assessed against a county is not reached in this appeal.

[2] The pertinent part of Code Ann. § 78-909 provides: "When any person or authority, whose duty it is to collect

The fund commissioners urge that Code Ann. § 3-704 is the appropriate statute of limitation: "All suits for the enforcement of rights accruing to individuals under statutes . . . shall be brought within 20 years after the right of action shall have accrued: . . ." The county commissioners, on the other hand, contend that Code Ann. § 3-714 applies: "All actions by informers, to recover any fine, forfeiture, or penalty, shall be commenced within one year from the time the defendant's liability thereto shall have been discovered, or by reasonable diligence could have been discovered." This question was aptly addressed by Chief Justice Bleckley in *Western Union Tel. Co. v. Nunnally,* 86 Ga. 503, 505 (12 SE 578) (1890), where he said: "We think it incredible that actions for penalties should have been limited to one year when brought by an informer, and to twenty years when brought by others not falling within the strict, literal description of informers. There is every reason why the omission of a telegraphic company to deliver a message with due promptness should not be left open to suit for twenty years. If any penalty whatever ought to be prosecuted for speedily, it would be one of this nature. To leave the company exposed to suit for the almost innumerable transactions of this kind for twenty years, would be simply absurd. . . If all actions by informers for penalties are to be commenced within one year, *it is much more reasonable to treat all persons empowered to sue for penalties as informers,* than to hold that the right of action remains open for twenty years for a class of penalties which ought to be sued for speedily if any ought."

---

and remit moneys to the secretary-treasurer under this section shall fail to remit such moneys within 60 days of the date they are required to be remitted, the same shall be delinquent and there shall be imposed, in addition to the principal amount due, *a specific penalty in the amount of five per cent. of said principal amount per month for each month during which the funds continue to be delinquent, not to exceed 25 per cent.* There shall be added to the principal amount of funds which are delinquent, interest at the rate of six per cent. per annum from the date said funds become delinquent until the same are paid."

(Emphasis supplied.) Accord, *Atlanta & W. P. R. Co. v. Coleman,* 142 Ga. 94 (82 SE 499) (1914); *Southern R. Co. v. Inman, Akers & Inman,* 11 Ga. App. 564 (75 SE 908) (1912).

The fund commissioners cite as authority for the twenty- year statute of limitation *Crow v. McCallum,* 215 Ga. 692 (113 SE2d 203) (1960). There, the fund commissioners sought to collect only the principal amount due under Code Ann. § 78-909, and did not seek the statutory penalty. The court held that the twenty- year statute was applicable. (But see Code Ann. § 27-2916.) That case is thus distinguishable on the basis that it involves the principal and not the penalty, as here. The trial court correctly granted the county commissioners' motion to dismiss.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 8, 1978 — DECIDED MAY 23, 1978.

*Seay, Sims & Park, Clifford Seay, Charles Brett Merrill, Jr.,* for appellants.

*J. Carlton Warnock,* for appellees.