## 57419. GENERAL TIRE & RUBBER COMPANY v. ALEX.

WEBB, Presiding Judge.

Alex became indebted to General Tire on an open account from June 1970 until June 1971 in the amount of $26,301.53. In August of 1973 Alex was served with a complaint seeking to recover $3,248, and subsequently entered into an agreement with General Tire to pay off that sum at the rate of $100 a month under which numerous payments were made. On September 7, 1975, General Tire sued for the entire amount of $26,301.53, but Alex was not served until January 8, 1976, at which time the four-year statute of limitation (Code Ann. § 109A-2—725 (1)) on the open account indebtedness had run. General Tire then sought to add Alex' wife as a party defendant based on a surety agreement signed by her on June 8, 1970 guaranteeing all debts of Alex including open accounts. Mr. and Mrs. Alex both resisted this motion by affidavits stating that Mrs. Alex did not sign the suretyship agreement but that Alex signed her name without her knowledge, permission or consent, and the trial court denied the motion to add Mrs. Alex as a party defendant. Thereupon General Tire amended its complaint alleging fraud on the part of Alex and the case proceeded to trial solely on the fraud count. At the close of plaintiff's evidence the trial court granted Alex' motion for directed verdict. The sole issue on appeal is whether the action was barred by the statute of limitations.

General Tire insists that since its claim was based on fraud which was discovered on June 22, 1976, when Mr. and Mrs. Alex filed their affidavits, under Code § 3-807

the statute did not run until four years from the date of discovery and the action was therefore timely. We do not agree.

Code § 3-807 provides that "If the defendant . . . shall have been guilty of a fraud *by which the plaintiff shall have been debarred or deterred from his action,* the period of limitation shall run only from the time of the discovery of the fraud." (Emphasis supplied.) The key element of this provision is whether the plaintiff was debarred or deterred from his action by the alleged fraud. If General Tire was damaged in 1971 and obtained service against Alex in 1973, then it was not debarred or deterred from this 1975 action by a supposed fraud of which it did not even know when the suit was filed. Indeed, not only was it unaware of the alleged fraud, it was also unaware of Mrs. Alex' guaranty upon which it professes to have relied.

This case is thus controlled by *Webb v. Lewis,* 133 Ga. App. 18, 20 (1) (209 SE2d 712) (1974), wherein we stated: "The test to be generally applied in determining when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act complained of does not in and of itself constitute an invasion of some legal right, but a recovery is sought only on account of damage subsequently accruing from and consequent upon an act not in itself tortious, the cause of action will be taken to accrue and the statute to begin to run only when the resultant damage is sustained."

Because General Tire seeks to recover "only on account of damage subsequently accruing and consequent upon an act not in itself tortious," that is, Alex' failure to pay accounts as they became due, another rule stated in *Webb* is also applicable here. " 'The fraud, mentioned in [Code § 3-807], which is necessary to toll the statute of limitations until the discovery of the fraud which gives rise to the cause of action, must be actual fraud, involving moral turpitude, which "debars and deters" the plaintiff from his action; and while the fraud that gives rise to the cause of action may or may not be considered as a circumstance which incidentally aids in the

establishment of the fraud which "debars or deters" the plaintiff from his action, yet the establishment of the fraud that gives rise to the cause of action does not necessarily establish the fraud that "debars or deters" the plaintiff from his action mentioned in the Code, § 3-807.

" 'Fraud which tolls the statute of limitations must be such actual fraud as could not have been discovered by the exercise of ordinary diligence, in the absence of any confidential relation. [Cits.]

" 'Mere ignorance of facts constituting a cause of action does not prevent the running of a statute of limitations.' [Cits.]" 133 Ga. App. 18, 21 (2).

General Tire's lack of diligence in filing suit is as apparent as its lack of knowledge of the alleged fraud. Even assuming that the signing of his wife's name by Alex somehow deterred General Tire from filing suit, it fell far short of proving that this act was fraudulent. All exhibits which it introduced show that Alex had met with its representatives, that before obtaining credit he had accurately and in writing stated his modest financial position, that he had actively carried on a retail business and that he had paid General Tire considerable sums on goods received before his credit was terminated. The fact that he signed his wife's name to a security agreement did not transform such an enterprise into a fraudulent scheme. The evidence was uncontroverted that in May of 1970 when the agreement was signed Mrs. Alex had no separate estate of her own. Therefore there was nothing upon which General Tire could have relied. The trial court correctly directed the verdict in Alex' favor.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MARCH 5, 1979 — DECIDED MARCH 16, 1979.

*Harris & Martin, R. Britt Harris, Jr.,* for appellant.
*Read, Huddleston & Medori, H. Martin Huddleston,* for appellee.