## 59063. LEE v. ALL AMERICAN LIFE & CASUALTY COMPANY.

Deen, Chief Judge.

The appellee insurance company issued plaintiff's decedent a health and accident policy showing on its face that the maximum period total disability was "Lifetime While Disabled." The disability clause provided that in case of total disability the company would pay the monthly indemnity; "however, the Monthly Indemnity will be payable after 24 months of total disability only as long as the insured is confined to his place of residence or to a recognized and legally operated hospital, and visited regularly therein by a legally qualified practicing physician or surgeon." The policy also provided that if after the termination of a previous compensable disability a disability recurred, more than six months having passed, it would be indemnified as a new disability, and any disability contributed to by the same cause accruing within six months would be considered as a continuation of the previous disability and indemnified accordingly. On May 3, 1967, an agent of the insurer wrote the insured, the letter stating in part that the enclosed draft took care of benefits to May 11 "which completes the limit of 24 months." The second paragraph states: "As you undoubtedly know, your policy provides a limit of 24 months sickness benefits, unless your situation is such that you are necessarily confined to your home or a

hospital." After mentioning the draft enclosure and due date of the policy premium it continued: "We feel that we should point out that the policy provides that we will be unable to honor another claim until you become able to resume an occupation for at least six months, as required by the recurrent disability provision of the policy. This requirement does not apply to benefits for accidental death, or in the case of confinement."

The insured sent in his premium and made no further claim on this disability. However, between May, 1967, and his death in January, 1977, he did file two claims relating to other causes and received benefits thereunder. Within two years of his death his widow as executrix filed this complaint alleging that the action of the insurer in ceasing to pay benefits under the original claim was fraudulent and tolled the statute of limitation which would otherwise admittedly have run against it. The trial court sustained the defendant's motion for summary judgment and the plaintiff appeals. *Held:*

We affirm. It is obvious that since the insured made no further claim under his original illness after receiving the letter requesting resumption of premiums (which he did in fact pay from then until his death except perhaps during later periods of disability due to other causes) and since a decade passed before this suit was filed, the statute of limitation bars the action unless, as alleged, the action of the insurer was fraudulent so as to toll it. Code § 3-807. In the first place, it does not appear that the insured was prevented from ascertaining the provisions of the policy, by which the parties were bound, and which were in fact those repeated in the letter. In *Clinton v. State Farm &c. Ins. Co.,* 110 Ga. App. 417 (2) (138 SE2d 687) (1964), it was held that statements of opinion as to the legal effect of the provisions of an insurance contract are not ordinarily actionable as fraud, there being no fiduciary relationship between the parties. To what extent this ruling might be applicable where an intent to deceive appears we do not decide; in the present case the most that can be said for the letter in question is that the last two quoted sentences are somewhat confusing, but they are not untrue and, when taken in connection with the policy provisions, are clear that the writer is making a statement that disability

payments will cease "unless your situation is such that you are necessarily confined to your home." The insured made no effort to furnish medical proof, as required under the policy, that he was in fact confined to his home and made no claim for additional benefits. We find no actionable fraud. Accordingly, any right which might have existed to further benefits at that time was not pursued, and has been ended by the statute of limitation. The trial court properly granted the defendant's motion for summary judgment.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED FEBRUARY 15, 1980 — REHEARING DENIED MARCH 6, 1980.

*J. Kenneth Royal,* for appellant.
*William A. Zorn,* for appellee.