69623. SENTRY INSURANCE, A MUTUAL COMPANY
v. ECHOLS et al.
(330 SE2d 725)

CARLEY, Judge.

Appellee-insureds instituted the instant action in an effort to recover optional personal injury protection (PIP) benefits, a statutory penalty, and punitive damages from appellant-insurer. Appellant raised several defenses to appellees' claims, including that of the statute of limitation, and moved for summary judgment. Without holding a hearing on the matter, the trial court denied appellant's motion and expressly ruled that appellees' complaint was not barred by the six-year statute of limitation. Appellant obtained a certificate of immediate review, and this court granted appellant's application for interlocutory appeal.

1. Appellant enumerates as error the failure of the trial court to hold a hearing on its motion for summary judgment prior to ruling thereon.

"This court has held that OCGA § 9-11-56 (Code Ann. § 81A-156) 'requires that a hearing date be set and a hearing conducted before a motion for summary judgment is granted. The failure of a trial court to do so is error . . . The obvious purpose of a hearing on a motion for summary judgment is to provide counsel with an opportunity to persuade the court and to provide the court with an opportunity to interrogate counsel.' [Cit.]" *Hillis v. First Nat. Bank of Waynesboro,* 168 Ga. App. 408 (309 SE2d 404) (1983). While the above-quoted language refers to a grant rather than a denial of a motion for summary judgment, the "obvious purpose of a hearing" is not affected by the trial court's ultimate ruling on the motion. A hearing serves to illuminate the allegations and positions of the parties, whether or not the trial court determines that genuine issues of material fact remain for jury resolution. Thus, we find that the necessity of

a hearing in accordance with the provisions of OCGA § 9-11-56 is not abrogated merely because the motion is ultimately denied.

Moreover, a party's right to such a hearing does not depend on his status with regard to the motion for summary judgment. Contrary to appellees' assertions on appeal, both a respondent and a movant have a right to be heard as provided in OCGA § 9-11-56. Appellees cite *Porter Coatings v. Stein Steel & Supply Co.*, 247 Ga. 631 (278 SE2d 377) (1981), for the proposition that only a respondent to a motion for summary judgment has an absolute right to oral argument. However, *Porter Coatings* involved the trial court's consideration of supporting material which was not timely filed, and it did not address a movant's right to a hearing. Nothing in OCGA §§ 9-11-56 (c) or (d) suggests that only the adverse party is entitled to demand a hearing, and we decline to impose such a limitation upon the summary judgment procedure.

Appellees further contend that, even if appellant had a right to a hearing on its motion for summary judgment, that right was waived by appellant's failure to restipulate the matter to a calendar after a scheduled hearing was continued. However, this court has previously held that "we are not willing to go so far as to hold that [the] failure to demand a hearing [on a motion for summary judgment], i.e., [the] failure to take affirmative action to secure a right given [a party] by statute, constituted a waiver of that right." *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666, 669 (278 SE2d 468) (1981). Thus, appellant did not waive its right to a hearing by its inaction, and there is nothing in the record to contravene the affidavit of appellant's counsel that no waiver occurred.

In sum, we find that appellant had a right to present oral argument on its motion for summary judgment, and that appellant did not waive that right. Consequently, the failure of the trial court to hold a hearing on the motion prior to ruling thereon was error. Nonetheless, that error is not reversible absent a showing of harm to appellant. *Premium Distrib. Co.*, supra; *Harper v. Birmingham Trust Nat. Bank*, 171 Ga. App. 618 (320 SE2d 622) (1984).

It is true that the trial court's express ruling that appellees' claims were not barred by the statute of limitation "harmed" appellant by depriving it of one of its defenses. However, appellant has made "no claim that there would have been any addition to the record or that a hearing would have changed the state of the record in any way." *Premium Distrib. Co.*, supra at 670. There has been no assertion that any briefs, affidavits, or other supporting documentation would have been filed before the deadline, defined in OCGA § 9-11-56 (c) as "prior to the day of hearing." Cf. *Peoples Financial Corp. v. Jones*, 134 Ga. App. 649, 651 (215 SE2d 711) (1975). Thus, even though appellant asserts harm as a result of the substantive ruling on

its motion, it has offered nothing to suggest that that ruling would have been any different if a hearing had been held. Because appellant has failed to show harm or prejudice arising from the failure to hold the required hearing, the trial court's error in that regard does not require reversal or remand for the purpose of holding a hearing.

2. Appellant also enumerates as error the trial court's ruling that appellees' claims are not barred by the statute of limitation.

The incident out of which appellees' claims arose occurred on April 9, 1977. At that time, appellees were insured under a policy written by appellant, and on June 24, 1977, appellant paid appellees benefits for basic PIP, medical coverage, and uninsured motorist coverage. Thereafter, under the authority of *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), appellees sought increased optional PIP benefits. Appellant did not pay appellees' *Jones* claim, and the instant lawsuit was filed on July 15, 1983.

Appellant contends that OCGA § 9-3-24, which provides a six-year limitation for actions upon written contracts not under seal, applies to appellees' suit. "Where the plaintiff is a named insured under a contract which undertakes to pay [the plaintiff] certain sums . . ., [an] action to recover the sums stipulated is a contract action . . . . [Cit.] The limitation is that applicable to simple contracts." *Smith v. State Farm Mut. Auto. Ins. Co.*, 152 Ga. App. 825, 826 (264 SE2d 296) (1979), rev'd on other grounds, *State Farm Mut. Auto. Ins. Co. v. Smith*, 245 Ga. 654 (266 SE2d 505) (1980). See also *General Elec. Credit Corp. v. Home Indem. Co.*, 168 Ga. App. 344, 347 (1) (309 SE2d 152) (1983).

Notwithstanding those cases which have applied the six-year limitation to actions on insurance contracts, appellees contend that their lawsuit is governed by OCGA § 9-3-22, which provides a 20-year limitation for actions for the enforcement of rights accruing to individuals under statutes. Appellees' action was expressly brought pursuant to the provisions of OCGA § 33-34-6. Appellees assert that, because that statute provides for the assessment of a penalty and punitive damages which would not otherwise be available to a plaintiff, it is not merely a codification of rights existing at common law.

"The twenty-year statute of limitation of [OCGA § 9-3-22] has reference only to rights which arise under legislative enactment, and which would not exist except for some Act of the legislature. [Cit.]" *Houston v. Doe*, 136 Ga. App. 583, 584 (222 SE2d 131) (1975). "A statutory liability is one that depends for its existence upon the enactment of a statute, and not upon the contract of the parties. [Cit.]" *Bigby v. Douglas*, 123 Ga. 635, 638 (51 SE 606) (1905). In the instant case, appellees' action is based upon rights arising from their contract of insurance, without which they would have no claim against appellant. Their suit brought pursuant to OCGA § 33-34-6 is nonetheless a

suit·to enforce rights existing by virtue of a contract. This fact is not altered merely because the statute permits an additional recovery which is essentially in the nature of a punishment for an insurer's failure to comply with its contractual obligations. See generally *Busbee v. Gillis*, 241 Ga. 353 (245 SE2d 304) (1978), wherein the Supreme Court refused to apply the 20-year limitation of OCGA § 9-3-22 to an action to enforce a statutory penalty.

Appellee cites *United States Fidelity & Guaranty Co. v. Ryder Truck Lines, Inc.*, 160 Ga. App. 650 (288 SE2d 1) (1981), for the proposition that claims brought under Georgia's no-fault insurance law are subject to the 20-year limitation of OCGA § 9-3-22. However, as noted in *Hanover Ins. Co. v. Canal Ins. Co.*, 163 Ga. App. 20, 21 (293 SE2d 509) (1982), *Ryder* involved a claim for subrogation which was found to be "a purely statutory right as compared to a conventional or equitable subrogation claim. . . ." Similarly, *Perry & Co. v. Knight Ins. Underwriters*, 149 Ga. App. 128, 129-130 (2) (253 SE2d 808) (1979) concerned a "claim for relief [which] was predicated on [a] statutory obligation."

In contrast to those cases, the instant case involves not a purely statutory right, but a contract right with regard to which there exists a statutory enforcement provision. " 'To construe [OCGA § 9-3-22] as referring to every right conferred by statute or accruing "by operation of law," and to stick to its letter as thus interpreted, would be to nullify other sections of the code fixing the period within which an aggrieved party shall bring an action in assumpsit or one for damages arising out of the violation of or failure to perform a legal duty imposed upon another under the common law or by statute.' [Cit.]" *Houston v. Doe*, supra at 584. Even though OCGA § 33-34-6 permits an increased recovery against a delinquent insurer, "still the enforcement of [an insured's rights] must be within the period of limitations applicable to causes of action which arise by implication of law from the contractual relations existing between parties to an obligation which they have voluntarily assumed." *Bigby v. Douglas*, supra at 638. Accordingly, we hold that the six-year limitation of OCGA § 9-3-24 applies to an insured's cause of action under OCGA § 33-34-6. See *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 171 Ga. App. 639, 641 (1) (320 SE2d 776) (1984); *Bryant v. Allstate Ins. Co.*, 254 Ga. 328 (326 SE2d 753) (1985).

3. We now turn to the issue of whether the six-year statute of limitation has run so as to bar appellees' claims.

The Supreme Court has held "that the statute of limitation in claims for optional [PIP] benefits begins to run on the date of the accident, and that the claim for optional benefits under OCGA § 33-34-5 must be filed within six years thereof." *Bryant v. Allstate Ins. Co.*, supra at 331. In the instant case, as previously noted, the inci-

dent which gave rise to appellees' claims occurred on April 9, 1977, and their suit was not filed until July 15, 1983. Under *Bryant*, all of appellees' claims, including those for lost wages accruing subsequent to July, 1977, are time-barred unless the period of limitation was tolled.

With regard to tolling, appellees alleged in their complaint that appellant "fraudulently concealed and wilfully denied to [appellees] their entitlement to ask for and receive" optional PIP benefits. Appellant denied that allegation and filed an affidavit which stated that appellant "did nothing to deter [appellees] from filing suit within the statutory period." No further evidence as to this issue appears in the record.

" ' "To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent." [Cit.]' " *Clinton v. State Farm Mut. Auto. Ins. Co.*, 110 Ga. App. 417, 422 (138 SE2d 687) (1964). See also *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (1980). "The key element of [the tolling provision of OCGA § 9-3-96] is whether the plaintiff was debarred or deterred from his action by the alleged fraud." *General Tire & Rubber Co. v. Alex*, 149 Ga. App. 393, 394 (254 SE2d 509) (1979).

Whether a statute of limitation was tolled by fraud on the part of the defendant is generally a question for the jury. See *Brown v. Brown*, 209 Ga. 620, 622 (7) (75 SE2d 13) (1953). In the instant case, however, there is no evidence whatsoever to create a genuine issue that appellant debarred or deterred appellees from bringing suit. Appellant's evidence that it did nothing so to deter appellees is uncontroverted. Since the uncontradicted evidence of record establishes that appellees did not file their action within the applicable period of limitation, and that appellant did not debar or deter appellees from filing their suit in a timely manner, the trial court erred in failing to grant appellant's motion for summary judgment. See *Bryant*, supra; *Lee v. All American Life &c. Co.*, 153 Ga. App. 733 (266 SE2d 248) (1980); *Beck v. Ga. Farm Bureau Mut. Ins. Co.*, 146 Ga. App. 878 (247 SE2d 548) (1978).

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 27, 1985 —
REHEARING DENIED APRIL 11, 1985.

*Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellant.

546

*Charles E. Clark, Julian M. Treadaway*, for appellees.