## A91A2229. LINK et al. v. DOE.
### (416 SE2d 874)

JOHNSON, Judge.

The appellant Galen Link (Link) was injured in an automobile collision which occurred on November 29, 1990. Link and his wife sued James L. Smith (Smith), the operator of a vehicle which swerved into oncoming traffic and collided with Link's vehicle. Smith responded, raising as a defense that the cause of the collision was the negligence of an unknown motorist who, by partially crossing the centerline, caused Smith to swerve and skid into Link. The Links then amended their complaint to assert an additional claim to recover uninsured motorist benefits against John Doe pursuant to OCGA § 33-7-11 (b) (2). The insurer denied liability on the ground that the circumstances of the collision precluded the Links' recovery under the policy. The pleadings and depositions reveal that Link saw no vehicle other than the one operated by Smith which made physical contact with his vehicle. Smith and two other non-interested eyewitnesses reported that another automobile had forced Smith to swerve and ultimately collide with Link.

On this evidence, a motion for summary judgment was made by Doe based on Link's failure to fall under the provisions of OCGA § 37-7-11 (b) (2) which permits a motor vehicle to be deemed uninsured if the owner or operator is unknown and there is no actual physical contact between the vehicle operated by the unknown person and that of the insured only "if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant." The Links' response included a request for oral argument. Despite a request for oral argument, the trial court ruled on the motion without a hearing. This is an appeal from the grant of Doe's motion for summary judgment.

1. Uniform Superior Court Rule 6.3 states that ". . . However, oral argument on any motion for summary judgment *shall* be permitted upon written request if such request is made not later than five (5) days after the time for response." (Emphasis supplied.) The Links requested oral argument in writing in their "Response to Defendant, John Doe's Motion for Summary Judgment," which was timely filed. The trial court improperly denied them their right to be heard. See *Segrest v. Intown Hardware*, 190 Ga. App. 588 (379 SE2d 615) (1989). The grant of summary judgment must be reversed and the appellant afforded the oral argument provided by the rule.

2. The above disposition renders it unnecessary for us to review the substantive issues raised on appeal at this time.

*Judgment reversed. Carley, P. J., and Beasley, J., concur.*

Decided March 13, 1992.

*Kenneth L. Nelms*, for appellants.
*Karsman, Brooks & Callaway, Edward M. Hughes*, for appellee.