## A92A0026. DIXON v. McCLAIN.
(420 SE2d 66)

CARLEY, Presiding Judge.

Appellee-defendant swore out a warrant for the arrest of appellant-plaintiff on a charge of battery. The case was tried before a jury and, although appellant's motion for a directed verdict of acquittal was denied, a verdict of not guilty was returned by the jury. Thereafter, appellant filed the instant tort action, alleging that appellee had "falsely and maliciously and without any reasonable and probable cause whatsoever . . . procured the . . . issu[ance] [of the] warrant. . . ." Appellee answered and, after discovery, moved for summary judgment. The trial court granted summary judgment in favor of appellee and appellant appeals.

1. Although appellant had filed a timely written request for oral argument on appellee's motion for summary judgment, no such opportunity was afforded to him. Appellant urges that this was procedural error.

It was clearly erroneous for the trial court to fail to afford appellant the opportunity to oppose appellee's motion by oral argument. Uniform Rule 6.3 "fixes the method parties use to obtain a hearing. In fact, Rule 6.3 insures a right to oral argument of a summary judgment motion by declaring it '*shall* be permitted upon written request.' . . . Thus, whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. [Cit.] All a party need do is make a written request for oral argument and it shall be held. [Cit.] . . . [T]he obvious purpose of a hearing in summary judgment . . . is to provide counsel with an opportunity to persuade the court and to provide the court with an opportunity to interrogate counsel. [Cits.]" (Emphasis in original.) *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622, 623-624 (351 SE2d 443) (1987). See also *Link v. Doe*, 203 Ga. App. 388 (416 SE2d 874) (1992).

The issue thus becomes whether the erroneous failure to hold the hearing can ever be harmless and, if so, whether it was harmless in the instant case. As noted, the Uniform Rules mandate that a hearing be held when timely requested. Compare *Sentry Ins. v. Echols*, 174 Ga. App. 541 (1) (330 SE2d 725) (1985) (pre-Uniform Rules). To hold that a failure to conduct the timely requested hearing can nevertheless constitute mere harmless error would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right. Having timely requested a hearing, a litigant should not have summary judgment granted against him without having had the opportunity to convince the trial court to the contrary and a trial court should not grant summary judgment against him without having availed itself of the opportunity to interrogate counsel. Appellate review of the record is no viable substitute for the opportunity to argue

before the trial court. Accordingly, we hold that the error in failing to hold the hearing mandated by a timely request therefor is not subject to the harmless error rationale.

2. Appellant's remaining enumerations of error are moot.

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 10, 1992.

*Orion L. Douglass*, for appellant.

*Gilbert, Harrell, Gilbert, Sumerford & Martin, Wallace E. Harrell, Lisa S. Godbey*, for appellee.