A95A1214. HOSLEY v. COMPUTER TRANSPORT OF GEORGIA, INC. et al.
(463 SE2d 526)

McMURRAY, Presiding Judge.

This is a wrongful death action brought by plaintiff Hosley, as administrator of the estates of his sister Barbara Wilson and her illegitimate minor son, Al-Sufi Hosley, against three defendants. In *Hosley v. Davidson*, 211 Ga. App. 529 (439 SE2d 742), this Court affirmed

the grant of defendant Davidson's motion to strike plaintiff's response to defendants' motions for summary judgment and affirmed the grant of defendant Davidson's motion for summary judgment on the wrongful death claim. (The grant of Davidson's motion for summary judgment on claims for funeral and burial expenses was reversed.) The present appeal is taken from the grant of motions to strike and for summary judgment (except as to plaintiff's claims for funeral and burial expenses) submitted by the two remaining defendants, Computer Transport of Georgia, Inc. ("Computer Transport") and Northbrook Property & Casualty Insurance Company ("Northbrook"), on the same grounds as the similar motions of defendant Davidson. The primary issues presented on this appeal involve procedural matters. *Held*:

1. Davidson's motion to strike plaintiff's response to his motion for summary judgment was filed on November 19, 1992, the date of the hearing on the defendants' motions, including the motions of all three defendants for summary judgment, but prior to the time of that hearing. Later that day, Computer Transport and Northbrook filed their written motion to strike plaintiff's response to their motions for summary judgment.

Within a few days after the motion hearing, the state court filed an order granting Davidson's motion to strike and an order granting Davidson's motion for summary judgment. These orders were appealed resulting in the earlier decision in this case which was handed down on December 3, 1993. On June 24, 1994, the state court entered orders granting the motions to strike and for summary judgment of Computer Transport and Northbrook.

In his first enumeration of error, plaintiff maintains that the state court erred in granting the motion to strike of Computer Transport and Northbrook because the motion to strike was untimely in that it was submitted only after the close of the motion hearing on November 19, 1992. We do find support for a general proposition that a motion to strike must be timely or the objection is waived. There is also authority that timeliness is measured by whether the objections are raised prior to oral arguments. This line of thought seems to control challenges based on defective form or content of the material sought to be stricken. *Bradbury v. Mead Corp., Mead Prods. Div.*, 174 Ga. App. 601 (1), 602 (330 SE2d 801).

The answer is less clear where, as in the case sub judice, the objection raised in the motion to strike is to the timeliness of the matter sought to be stricken. It should be apparent, as under the circumstances of the case sub judice, that where a pleading is filed and served only minutes or hours prior to a hearing that it is harsh to require that a motion to strike be submitted in the remaining interval before the hearing. Practical necessity must permit some latitude

from the general rule under these circumstances subject to the judicial discretion of the trial court. *Crucet v. Bovis, Kyle & Burch*, 180 Ga. App. 765 (350 SE2d 322) affirming the striking of an affidavit in opposition to a motion for summary judgment filed on the hearing date and where the motion to strike was filed approximately a week later would appear to approve, at least implicitly, of this view. Applying this line of thought to the issue posed in the case sub judice, we find no abuse of discretion in the state court's considering the motion submitted by Computer Transport and Northbrook to strike plaintiff's response to their motion for summary judgment. Under the circumstances of the case sub judice, the state court was authorized to conclude that the filing of the written motion to strike after the motion hearing did not amount to a waiver of the objections contained therein, particularly since the motion to strike was filed in response to plaintiff's response to defendants' motion for summary judgment which was filed earlier the same day.

2. Plaintiff's next enumeration of error complains of the state court's granting the motions to strike and for summary judgment submitted by Computer Transport and Northbrook without first conducting any further oral hearing. Insofar as plaintiff was entitled to oral argument on defendants' motion for summary judgment pursuant to OCGA § 9-11-56 and Uniform State Court Rule 6.3, such was satisfied by the hearing conducted on November 19, 1992.

In regard to the motion to strike, submitted by Computer Transport and Northbrook, there was a procedural change during the interval in which the motion was pending. Uniform State Court Rule 6.3, which at the time of the filing of the motion to strike on November 19, 1992, provided for oral argument upon written request on any motion, was amended to limit the right to oral argument on written request to motions for summary judgment. (The amendment did not change the provision for oral hearing on motions for new trial and motions for judgment n.o.v.)

When the state court entered its order granting the motion to strike submitted by Computer Transport and Northbrook on June 24, 1994, there was no longer a provision in Uniform State Court Rule 6.3 requiring compliance with plaintiff's request for an oral argument on the motion to strike. The change of the rule being entirely procedural in nature, plaintiff has no vested rights arising from the earlier wording of the rule and was subject to the new provisions of the rule from the effective date of the amendment. *Archie v. Scott*, 190 Ga. App. 145, 146 (2) (378 SE2d 182); *Ballard v. Frey*, 179 Ga. App. 455, 458-459 (2) (346 SE2d 893).

3. Plaintiff also maintains that the trial court erred in dismissing his claims as not having been brought by the proper party within the statute of limitation without holding a hearing pursuant to OCGA

§ 9-11-12 (d) as timely requested. In support of this enumeration, plaintiff again argues that he is entitled to a hearing under the former language of Uniform State Court Rule 6.3, an argument we have already rejected in Division 2 of this opinion.

Plaintiff also repeats his argument that the state court in granting summary judgment in favor of Computer Transport and Northbrook used an improper procedural vehicle by which to adjudicate this case. We rejected this argument in the earlier appeal, *Hosley v. Davidson*, 211 Ga. App. 529, 533 (3), supra, and find no substantial difference in the circumstances which would give this argument merit in the present appeal.

Insofar as plaintiff relies on his request for a hearing on the defense of defendants Computer Transport and Northbrook under OCGA § 9-11-12 (b), it appears such would only afford an opportunity to argue once more the issues which were covered at the summary judgment hearing. Plaintiff having been afforded the opportunity to orally argue against the motion for summary judgment of Computer Transport and Northbrook at the hearing on November 19, 1992, is not entitled to further oral hearings.

4. In the final enumeration of error, plaintiff contends that the statute of limitation defense was waived by the failure of Computer Transport and Northbrook to raise this issue in their answers. The statute of limitation defense as an affirmative defense may be waived if not properly raised. Generally, it should be raised in a party's initial pleading, but it is not required that a plea of the statute of limitation be raised prior to a time when the evidence discloses that the matter is barred. *House v. Echota Cotton Mills*, 129 Ga. App. 350, 352 (2) (199 SE2d 585). In the case sub judice, the period of the statute of limitation did not expire until months after the filing of the defendants' answers. Only then did it become appropriate for the defendants Computer Transport and Northbrook to assert this issue which they did via their motion for summary judgment. Although he argues otherwise, there is no evidence that plaintiff was misled or surprised by the statute of limitation defense. Plaintiff had a fair opportunity to present evidence or amend his complaint in response but failed to do so in a timely manner. The purpose of the pleading requirements with regard to affirmative defenses was satisfied under the circumstances shown in the record on appeal. *Brown v. Moseley*, 175 Ga. App. 282, 283 (1) (333 SE2d 162).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 26, 1995.

*Daryl V. Yokely*, for appellant.
*Fain, Major & Wiley, Donald M. Fain, David W. Williams, Kim*

*M. Jackson, Thomas E. Brennan, Long, Weinberg, Ansley & Wheeler, Quinton S. Seay*, for appellees.