A96A2100. McKEEN v. McKEEN et al.
(481 SE2d 236)

RUFFIN, Judge.

Paul McKeen and Shirley McKeen filed an action for grandparents' visitation against Keri McKeen pursuant to OCGA § 19-7-3. The trial court found that Paul and Shirley McKeen met the special circumstances requirement of OCGA § 19-7-3, but ruled that grandparent visitation rights were not necessary to the best interests of the child because of the acrimony and antipathy between the parties. Keri McKeen filed a motion for attorney fees based upon OCGA § 9-15-14. The trial court denied this motion, and Keri McKeen appeals. We reverse.

1. In her first enumeration of error, Keri McKeen asserts the trial court erred in denying her motion for attorney fees. Pursuant to OCGA § 9-15-14 (b), a trial court may assess attorney fees if it finds (1) that an attorney or party brought or defended an action that lacked substantial justification *or* (2) that the action was interposed for delay or harassment *or* (3) that an attorney or party unnecessarily expanded the proceedings by other improper conduct. An award under OCGA § 9-15-14 (b) "is discretionary and the standard of review is abuse of discretion." *Haggard v. Bd. of Regents &c.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

While the trial court was correct in limiting its consideration of this motion to conduct relating to the grandparent visitation suit, a number of actions taken by Paul and Shirley McKeen in the suit arguably evidence some basis for an award of attorney fees. The record shows that Paul and Shirley McKeen filed a motion for contempt citing a March 10, 1993 temporary order from the trial court, yet the record is devoid of any March 10, 1993 temporary order. In addition, there is also evidence that Keri McKeen gave proper notice to take the depositions of Paul and Shirley McKeen, but they did not appear for the depositions or make any effort to notify Keri McKeen that they would not appear. These actions, inter alia, could form the basis for an award of attorney fees under the grounds of harassment or unnecessarily expanding the proceedings.

The decision by the trial court which denied Keri McKeen's request for attorney fees, however, fails to address any of Keri McKeen's allegations and instead looks only to the words of the initial order. Although that order denied grandparent visitation rights, it found that Paul and Shirley McKeen met the special circumstances requirement of OCGA § 19-7-3. Consequently, the trial court based its denial of the motion for attorney fees on the fact that Paul and Shirley McKeens' visitation claim did not lack substantial justification. This ignores Keri McKeen's allegations of harassment and discovery abuse, which can support a motion for attorney fees under

OCGA § 9-15-14 (b).

We conclude that the trial court abused its discretion in not properly reviewing the issues raised by Keri McKeen prior to making its decision on the motion for attorney fees. The trial court was obligated to address Keri McKeen's claim that Paul and Shirley McKeen harassed her or unnecessarily expanded the proceedings by other improper conduct. We accordingly remand this case for consideration of Keri McKeen's other claims. In rendering this decision, we in no way express an opinion regarding the merits of Keri McKeen's motion for attorney fees.

2. In her eighth enumeration of error, Keri McKeen contends the trial court erred in denying her request for oral argument on the motion for attorney fees. She cites the case of *Dixon v. McClain*, 204 Ga. App. 531 (420 SE2d 66) (1992), in support of her claim that oral argument was necessary due to the trial court's delay in reaching a decision on the motion. The *Dixon* case, however, involved a request for oral argument on a motion for summary judgment, not a motion for attorney fees, hence it is inapposite.

Uniform Superior Court Rule 6.3 specifically limits the right to oral argument on motions to motions for new trial, motions for j.n.o.v. and, upon written request, motions for summary judgment. There is no right to oral argument on other motions. *Hosley v. Computer Transport of Ga.*, 218 Ga. App. 835, 837 (2) (463 SE2d 526) (1995). Accordingly, the trial court did not err in denying Keri McKeen's request for oral argument on her motion for attorney fees.

3. Based on our conclusion in Division 1, we need not reach the remaining enumerations.

*Judgment reversed and remanded. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 30, 1997.

*Chuck Sylvester*, for appellant.
*Lewis, Taylor & Todd, James R. Lewis, Jeffrey M. Todd, Daniel W. Lee, David E. Morgan III, David J. Turner, Jr.*, for appellees.