## A98A1231. HOWARD v. McFARLAND et al.
### (503 SE2d 900)

BLACKBURN, Judge.

Gregory L. Howard appeals the trial court's denial of his summary judgment motion. Because the trial court failed to allow oral argument despite timely request therefor, we vacate the trial court's order.

Uniform Superior Court Rule 6.3 requires a trial court to conduct oral argument on a motion for summary judgment upon timely written request. Howard filed his motion for summary judgment on April 30, 1997. At the same time, Howard also filed a separate document requesting oral argument, as well as a notice of hearing to be held on June 26. The time for responding to the summary judgment motion was subsequently extended, and no hearing was held on June 26.

On August 26, 1997, without conducting a hearing, the trial court entered an order denying Howard's motion for summary judgment. However, Howard's attorney did not receive notice of this ruling until November 19, after the expiration of the period in which he could seek an appeal. On November 26, Howard's attorney filed a motion to set aside the order due to the lack of notice and reiterated his request that the court conduct oral argument prior to entry of a second order granting or denying the summary judgment motion. The trial court granted the motion to set aside the order on December 8. Two days later, the trial court, without holding a hearing, entered a second order again denying Howard's motion for summary judgment.

The failure to hold a hearing on a summary judgment motion, after timely request therefor, is reversible error, and we will not apply a harmless error analysis where no hearing is held.[1] *Dixon v. McClain*, 204 Ga. App. 531 (1) (420 SE2d 66) (1992). In *Dixon*, we held that "[t]he obvious purpose of a hearing in summary judgment is to provide counsel with an opportunity to persuade the court and to provide the court with an opportunity to interrogate counsel. . . .

---

[1] We decline to consider documents attached to appellees' brief, which appellees contend support a claim of waiver, as such documents are not part of the record. *Paul v. Joseph*, 212 Ga. App. 122, 125 (2) (441 SE2d 762) (1994).

Having timely requested a hearing, a litigant should not have summary judgment granted against him [or have his motion for summary judgment denied] without having had the opportunity to convince the trial court to the contrary and a trial court should not grant [or deny] summary judgment . . . without having availed itself of the opportunity to interrogate counsel. Appellate review of the record is no viable substitute for the opportunity to argue before the trial court. Accordingly, . . . the error in failing to hold the hearing mandated by a timely request therefor is not subject to the harmless error rationale." (Punctuation omitted.) Id. at 531-532 (1). Thus, the trial court's order must be vacated.

In *Premo v. Ga. Ports Auth.*, 227 Ga. App. 27 (488 SE2d 106) (1997), we reversed a grant of summary judgment to a defendant because no hearing was held after plaintiff's timely request. Relying on *Dixon*, we expressly stated therein that "we decline the [defendant's] invitation to apply harmless error analysis." Id. at 28 (1).

As we recognized in *Dixon*, "[a]ppellate review of the record is no viable substitute for the opportunity to argue before the trial court." *Dixon*, supra. Where the trial court has not had the opportunity to consider the arguments of counsel at a timely requested hearing, appellate review of the record is premature. Indeed, oral argument may illuminate issues obscured by the record or result in admissions by counsel that affect the summary judgment analysis. Accordingly, we decline to address the merits of Howard's summary judgment motion in the interest of promoting judicial economy and remand this case to the trial court for further proceedings.

*Judgment vacated. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 6, 1998.

*Louis K. Polonsky*, for appellant.
*R. Keith Prater*, for appellees.