A07A1898. GREEN v. RAW DEAL, INC.
(659 SE2d 856)

MILLER, Judge.

Raw Deal, Inc. brought a verified complaint on account against Drew T. Green d/b/a Green's Supplement Wholesalers and d/b/a JSW Manufacturing, and Green's Supplement Wholesalers, Inc. (collectively "Green") regarding certain health-related products Green had ordered and for which Raw Deal did not receive full payment. Raw Deal moved for summary judgment, which motion the trial court granted upon the finding that Green had failed to timely respond thereto. On appeal, Green contends that summary judgment for Raw Deal was error because genuine issues of material fact remain as to his entitlement to a hearing on Raw Deal's motion for summary judgment, his motion to withdraw admissions, and the trial court's award of OCGA § 13-6-11 attorney fees to Raw Deal. Green also argues that summary judgment for Raw Deal was error since, as a nonbankrupt party, he was entitled to an automatic stay of the proceedings against him upon the petition for Chapter 7 bankruptcy

filed by Green's Supplement Wholesalers, Inc. ("GSW").[1] Finding that summary judgment for Raw Deal was error for the trial court's failure to hear oral argument pursuant to Green's request, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence shows that in 2004, purportedly on behalf of GSW, Green ordered multiple botanical, nutritional, and pharmaceutical products from Raw Deal. By its complaint, filed on March 30, 2007, Raw Deal alleges nonpayment of the full amount owing on account, $11,138.97 inclusive of interest and attorney fees.

Raw Deal moved for summary judgment on June 2, 2005, and, upon a consent order entered by the trial court, Green was granted until July 12, 2005 to file his response. Given the foregoing, Green served his response on opposing counsel by mail on July 12, 2005, but did not file his response and a written request for oral argument until July 18, 2005. Oral argument on the motion was set for October 24, 2006, at 10:50 a.m. At that hearing, however, Green pointed to his notice of GSW's petition for Chapter 7 bankruptcy, filed on July 21, 2005, and objected to proceeding until such time as the trial court ruled upon his claim that GSW's bankruptcy entitled him to an automatic stay of Raw Deal's action as a nonbankrupt party. The trial court gave the parties ten days to brief the automatic stay issue and deferred its hearing on the motion for summary judgment pending its ruling on that issue. Thereafter, notwithstanding Green's request for oral argument, the trial court granted Raw Deal summary judgment on its motion without a hearing on the motion, finding that Green had failed to timely respond thereto.

1. Green contends that the trial court erred in granting Raw Deal's motion for summary judgment based on the trial court's failure to hear oral argument on the motion despite his written request for the same pursuant to Uniform Superior Court Rule 6.3. We agree.

---

[1] Raw Deal failed to file a brief on appeal.

Rule 6.3 states that "oral argument on any motion for summary judgment *shall* be permitted upon written request if such request is made not later than five (5) days after the time for response." (Punctuation omitted; emphasis in original.) *Link v. Doe*, 203 Ga. App. 388 (1) (416 SE2d 874) (1992); *Pit Stop, Inc. v. Jackson*, 216 Ga. App. 648, 648-649 (1) (455 SE2d 358) (1995). However, "a response to a motion for summary judgment is timely filed if filed on the date of the hearing." *Gross v. Pyrofax Gas Corp.*, 151 Ga. App. 130 (259 SE2d 137) (1979). Consequently, although Green filed his response on July 18, 2005, six days after the time for the response as continued by consent order of the trial court, it was nonetheless timely because Raw Deal's motion for summary judgment was never heard. Id.

Even were the time for the response deemed to be July 12, 2005, as agreed by the parties, it would not be otherwise. Excluding the intervening Saturday and Sunday (July 16 and 17, respectively), Green's request for oral argument was due on Tuesday, July 19, 2005. See OCGA § 1-3-1 (d) (3) ("[W]hen a period of time . . . is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, . . . [w]hen the period of time prescribed is less than seven days, intermediate Saturdays, Sundays, and legal holidays [are] excluded in the computation."); see also OCGA § 9-11-6 (a) (providing that foregoing Code section governs the computation of any time period prescribed or allowed thereunder). Green's request for oral argument, as filed on July 18, thus was timely. The trial court, therefore, erred in failing to afford Green his right to be heard. See *Pit Stop*, supra, 216 Ga. App. at 648 (1); *Link*, supra, 203 Ga. App. at 388 (1). Accordingly, the grant of summary judgment must be reversed, and Green must be afforded a hearing as provided by the law.

2. In light of the foregoing, this Court's review of the substantive issues raised on appeal is unnecessary at this time.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MARCH 24, 2008.

*Meriwether & Tharp, Robert L. Tharp, Seth M. Friedman*, for appellant.

*Gordon M. Berger*, for appellee.