## A09A0267. HEARTWOOD II, LLC v. JONES.
(674 SE2d 365)

ANDREWS, Presiding Judge.

On appeal from a grant of summary judgment in this tax assessment dispute, Heartwood II, LLC (Heartwood) argues that the trial court erred when it ruled on the parties' motions without a requested oral argument and when it ordered that plaintiff and appellee Taylor Jones receive a refund of his property taxes. We reverse on the first of these grounds.

---

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the non-movant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that after the Tax Commissioner of Fulton County issued executions for delinquent taxes on Jones's property, Heartwood's agent gave Jones written notice of its intention to purchase the executions. Jones then sued Heartwood, Fulton County and others to set aside the purchase. Heartwood filed a motion for summary judgment and made a timely request for oral argument.[1] The argument came up in April 2004, but was postponed when Jones filed his own motions for summary judgment. Again, Heartwood timely requested oral argument. After further proceedings, including two more postponements, neither of which was at Heartwood's request, the trial court granted summary judgment to Jones without holding an oral argument.

A Uniform Superior Court Rule 6.3 request for oral argument on a motion for summary judgment entitles the party to a hearing on that motion, and the trial court's error in not granting the hearing cannot be harmless. *Dixon v. McClain*, 204 Ga. App. 531 (1) (420 SE2d 66) (1992). Although both parties urge us to resolve other issues on this appeal, appellate review of the record is premature when the trial court "has not had the opportunity to consider the arguments of counsel at a timely requested hearing." (Citation and punctuation omitted.) *Bennett v. McDonald*, 238 Ga. App. 414, 416 (518 SE2d 912) (1999). This is so because "oral argument may illuminate issues obscured by the record or result in admissions by counsel that affect the summary judgment analysis." Id. We therefore reverse the trial court's grant of summary judgment to Jones. Id.; see also *Howard v. McFarland*, 233 Ga. App. 286 (503 SE2d 900) (1998).

*Judgment reversed. Miller, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 25, 2009.

---

[1] See Uniform Superior Court Rule 6.3 ("oral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading . . . provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response"); OCGA § 9-11-6 (e) (adding three days to the otherwise prescribed period when service is effected by mail).

*Proctor Hutchins, Robert J. Proctor, Bradley A. Hutchins, Yasha Heidari*, for appellant.

*Jones, Jensen & Harris, Taylor W. Jones*, pro se.