**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**April 3, 2014**

# In the Court of Appeals of Georgia

A14A0702. J. H. HARVEY CO., LLC v. FREEMAN.

ELLINGTON, Presiding Judge.

The State Court of Ware County denied the motion for summary judgment filed by J. H. Harvey Co., LLC ("Harvey") in this slip and fall case filed by Ellaree Freeman. We granted Harvey's application for an interlocutory appeal to consider whether the trial court erred in denying Harvey's motion without hearing oral argument. The relevant facts are undisputed, and our review is de novo.[1] The record shows that, on the same day that Harvey filed its motion for summary judgment, December 11, 2012, it also filed as a separate pleading a Request for Oral Hearing. Under Georgia law, Harvey was therefore absolutely entitled to an oral hearing before

---

[1] *Green v. Raw Deal*, 290 Ga. App. 464, 465-466 (1) (659 SE2d 856) (2008).

the court ruled on the motion, as Freeman concedes.[2] Moreover, we discern no basis

for finding that any conduct of Harvey waived its right to a hearing. Because the trial

[2] [O]ral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing," and provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response.

Uniform Superior Court Rule 6.3.

[A] party who files a timely written request for oral argument on a motion for summary judgment is absolutely entitled to one under Uniform Superior Court Rule 6.3. . . . And a court's error in failing to grant a hearing can never be held harmless[, although under certain circumstances] . . . the failure to hold the hearing can . . . be waived by a party's conduct.

(Punctuation and footnotes omitted.) *Hunt v. Thomas*, 296 Ga. App. 505, 506 (1) (675 SE2d 256) (2009). See also *Fulton County Taxpayers Found. v. Ga. Pub. Svc. Comm.*, 287 Ga. 876, 877 (1) (700 SE2d 554) (2010) ("[Georgia's] appellate courts have consistently held that once a party has filed a [timely] written request for oral argument of a summary judgment motion [pursuant to Uniform Superior Court Rule 6.3], the trial court is obligated to hold an oral hearing and the failure to do so cannot be harmless.") (citations omitted); *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622, 623 (351 SE2d 443) (1987) ("[Uniform Superior Court] Rule 6.3 insures a right to oral argument of a summary judgment motion by declaring it shall be permitted upon written request. Thus, whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. All a party need do is make a written request for oral argument and it shall be held.") (citations, punctuation, and emphasis omitted); *Green v. Raw Deal*, 290 Ga. App. at 465-466 (1) (accord); *Howard v. McFarland*, 233 Ga. App. 286, 287 (503 SE2d 900) (1998) ("[A]ppellate review of the record is no viable substitute for the opportunity to argue before the trial court. Where the trial court has not had the opportunity to consider the arguments of counsel at a timely requested hearing, appellate review of the record is premature. Indeed, oral argument may illuminate issues obscured by the record or result in admissions by counsel that affect the summary judgment analysis.") (citation and punctuation omitted).

court denied Harvey's motion for summary judgment without conducting a hearing as required, its ruling must be vacated and this case must be remanded for a hearing on the motion. *Howard v. McFarland*, 233 Ga. App. 286, 287 (503 SE2d 900) (1998).

*Judgment vacated and case remanded. Phipps, C. J., and McMillian, J., concur.*