**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 10, 2015**

# In the Court of Appeals of Georgia

A14A2320. SUNSET HELP, LLC et al. v. COMMUNITY & SOUTHERN BANK.

ANDREWS, Presiding Judge.

Community & Southern Bank filed an action against Sunset Help, LLC, John P. Malloy, Sr., and Patrick Malloy to recover money due on a promissory note. The Superior Court of Carroll County granted the Bank's motion for summary judgment, and Sunset Help appeals. Because we conclude that the trial court failed to conduct an oral hearing as required by Uniform Superior Court Rule 6.3, we reverse the trial court's order granting the Bank's motion for summary judgment and remand for further proceedings.

Following initial discovery, the Bank filed a motion for summary judgment on January 6, 2014. On February 5, 2014, the Bank and Sunset Help executed a

stipulation that provided that "[Sunset Help] shall have through and including Monday, February 17, 2014, to respond to [the Bank's] previously-filed motion for summary judgment." Pursuant to the terms of the parties' stipulation, Sunset Help filed its response to the Bank's motion on February 17, 2014. Contemporaneously with its response, Sunset Help filed a cross-motion for summary judgment. On February 20, 2014, Sunset Help filed a separate pleading entitled "Defendants' Request for Oral Hearing." After additional briefing, and without conducting a hearing, the trial court entered an order on May 7, 2014 granting the Bank's motion and denying Sunset Help's cross-motion. This appeal followed.

1. Sunset Help contends that the trial court erred in awarding summary judgment to the Bank without first conducting the oral hearing requested by Sunset Help. We agree.

Uniform Superior Court Rule 6.3 provides, in relevant part, that

oral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing," and provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response.

2

"Under this rule, whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. All a party need do is make a written request for oral argument and it shall be held." *Carroll Anesthesia Assoc., P.C. v. Anesthecare, Inc.*, 230 Ga. App. 269 (495 SE2d 897) (1998). See also *Green v. Raw Deal, Inc.*, 290 Ga. App. 464, 466 (1) (659 SE2d 856) (2008); *Southeast Reducing Co. v. Wasserman*, 213 Ga. App. 763 (445 SE2d 859) (1994). Furthermore, a trial court's failure to hold oral argument following a timely request "cannot be considered harmless error, because doing so would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right." *Carroll Anesthesia*, 230 Ga. App. at 270. See also *Dixon v. McClain*, 204 Ga. App. 531 (1) (420 SE2d 66) (1992).

Here, the Bank filed its motion for summary judgment on January 6, 2014. On February 5, 2014, the parties executed a stipulation permitting Sunset Help additional time in which to respond to the Bank's motion. Sunset Help timely filed its response, as allowed by the stipulation, on February 17, 2014. Three days later, Sunset Help filed a "written request made in a separate pleading bearing the caption of the case and entitled 'Request for Oral Hearing.'" See USCR 6.3. Accordingly, the record confirms that Sunset Help timely requested an oral hearing on the Bank's motion for

3

summary judgment by filing its request "not later than five (5) days after the time for response."[1] Id. However, prior to scheduling the hearing to which Sunset Help was entitled, the trial court entered an order granting the Bank's motion and denying Sunset Help's cross-motion. It necessarily follows that the trial court erred in granting the Bank's motion without hearing oral argument from Sunset Help. See *Green*, 290 Ga. App. at 466 (1); *Carroll Anesthesia*, 230 Ga. App. at 269; *Wasserman*, 213 Ga. App. at 763. As a result, we reverse the trial court's order granting the Bank's motion for summary judgment and denying Sunset Help's cross-motion for summary judgment.

2. In view of our conclusion in Division 1, supra, we need not consider Sunset Help's remaining enumerations of error. See *Bennett v. McDonald*, 238 Ga. App. 414, 416 (518 SE2d 912) (1999); *Howard v. McFarland*, 233 Ga. App. 286 (503 SE2d 900) (1998).

---

[1] The Bank's argument to the contrary, based upon the absence of an extension to request oral argument in the parties' stipulation, is specious and ignores the plain language of USCR 6.3 (request for oral hearing timely if filed "not later than five (5) days after the time for response"). In this case, the record is clear that the parties agreed the "time for response" was February 17, 2014. Accordingly, Sunset Help's written request for oral hearing, filed three days later, was timely.

*Judgment reversed and case remanded for further proceedings. McFadden and Ray, JJ., concur.*