**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 19, 2024**

# In the Court of Appeals of Georgia

A24A0547. MILLER v. DOLGENCORP, LLC.

LAND, Judge.

Terry Miller filed suit against Dolgencorp LLC for injuries he sustained in a slip and fall at a Savannah Dollar General location. Miller appeals from the trial court's grant of summary judgment in favor of Dolgencorp. Because the trial court failed to allow oral argument despite Miller's timely request, we vacate the trial court's order and remand the case so that oral argument may be had.

Dolgencorp filed a motion for summary judgment on January 25, 2022. Miller filed a response brief on February 24, 2022. On the same date, Miller filed a separate pleading entitled "plaintiff's request for oral arguments," which sought a hearing on the motion for summary judgment. The trial court then granted Dolgencorp's motion

for summary judgment. Although the trial court's order states that its ruling was based upon a review of the parties' briefs, "the applicable law and facts, and having heard the parties' oral arguments," and Dolgencorp's appellate brief concedes that no hearing was held. We also discern no basis for finding that Miller waived his right to a hearing.

Uniform Superior Court Rule 6.3 requires a trial court to conduct oral argument on a motion for summary judgment "upon timely written request."[1] *J. H. Harvey Co. LLC v. Freeman*, 326 Ga. App. 815, 815 n. 7 (757 SE2d 454) (2014) ("a party who files a timely written request for oral argument on a motion for summary judgment is absolutely entitled to one under Uniform Superior Court Rule 6.3"). Georgia's "appellate courts have consistently held that once a party has filed [such a timely] request for oral argument of a summary judgment motion, the trial court is obligated to hold an oral hearing and the failure to do so cannot be harmless." (Citations

---

[1] Uniform Superior Court Rule 6.3 provides that "oral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing," and provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response."

omitted.) *Fulton County Taxpayers Found., Inc. v. Ga. Pub. Svc. Comm.*, 287 Ga. 876, 877 (1) (700 SE2d 554) (2010).

Because "appellate review of the record is no viable substitute for the opportunity to argue before the trial court," appellate review of the record is premature when the trial court has not had the opportunity to consider the arguments of counsel at a timely requested hearing. (Citation and punctuation omitted.) *Howard v. McFarland*, 233 Ga. App. 286, 286 (503 SE2d 900) (1998). Accordingly, we decline to address the merits of Dolgencorp's motion for summary judgment "in the interest of promoting judicial economy and remand this case to the trial court for further proceedings." Id. at 286.

*Judgment vacated and case remanded. Miller, P. J., and Markle, J., concur.*