A03A1591. BLACK ISLAND HOMEOWNERS ASSOCIATION, INC. v. MARRA et al.
(588 SE2d 250)

RUFFIN, Presiding Judge.

George Marra and Jay Woolsey, property owners on Black Island, Georgia ("the owners"), sued the Black Island Homeowners Association, Inc. ("the Association") to enjoin alleged violations of restrictive covenants governing the island. Following a bench trial, the trial court issued the requested injunction. The Association appeals, arguing that the trial court erred in refusing to find several claims barred by the statute of limitation and in applying the doctrine of res judicata. For reasons that follow, we affirm in part and reverse in part.

This is the owners' second suit against the Association. The first suit, which apparently alleged that the Association had violated the restrictive covenants by mowing undeveloped areas on the island, resulted in judgment for the Association. In an order dated November 1, 2000, the trial court concluded that the Association "violates the restrictive covenants whenever it mows any part of the undeveloped area." It further found, however, that the owners had been aware of the mowing for more than two years prior to filing their complaint, which was, therefore, barred by the two-year statute of limitation.[1]

On February 2, 2001, the owners filed the instant action. Count 1 alleges that the Association violated the covenants by mowing the undeveloped area on January 28, 2001. In Count 2, the owners claim

---

[1] See OCGA § 9-3-29.

that the Association improperly excavated part of the undeveloped area. Count 3 alleges that the Association acted without authorization on January 18, 2001, when it adopted a resolution permitting mowing of undeveloped areas. The owners also claim in Count 4 that the Association violated the restrictions by constructing a horse stable in an undeveloped area.

Following the bench trial, the trial court found that the Association's excavation and horse-barn construction activities violated the restrictive covenants. The court further noted that, in the prior litigation, it had determined that mowing constitutes a violation. It thus concluded that res judicata barred relitigation of the mowing issue. Finally, the trial court deemed the mowing claims timely.

The Association does not challenge the trial court's ruling relating to excavation and construction of the horse stable. It focuses instead on the owners' mowing claims. Specifically, the Association argues that the trial court erred in refusing to find those claims time-barred and in concluding, based on res judicata, that mowing violates the restrictive covenants. Although we disagree with the Association's first argument, we agree with the second.

1. (a) The Association first argues that the trial court is bound by its prior finding that the owners' mowing claims are barred by the statute of limitation. Under OCGA § 9-12-40, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." A former judgment, however,

> binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants.[2]

In the previous suit, the trial court determined that the owners had known about the mowing for over two years before filing suit, barring their claim. Thus, although the record in this case does not contain a copy of the previous complaint, it appears that the owners challenged mowing occurring well before they filed their complaint. In contrast, this suit challenges specific instances of mowing and decisions regarding mowing that took place in January 2001, after the trial court entered judgment in the first suit and less than one

---

[2] *Durham v. Crawford*, 196 Ga. 381, 387 (4) (26 SE2d 778) (1943).

month before the second complaint was filed. Under these circumstances, the trial court's prior statute of limitation finding does not bind the parties or the court in this action, which involves subsequent events.[3]

(b) The Association further argues that, because mowing of undeveloped areas began in the 1970s, a fact known to the owners for well over two years before they filed their second complaint, the statute of limitation bars the owners' mowing claims. The trial court disagreed, concluding that each incidence of mowing gives rise to a new cause of action. We find no error.

Pursuant to Section IX of Black Island's restrictive covenants, the Association agreed to "set aside certain areas on [the island] which shall remain pristine and undeveloped." The covenants further provide that "the word 'undeveloped' . . . shall be taken to mean that any area so designated shall remain totally in its native state." Based on these provisions, the complaint asserts that the Association breached the covenants by mowing and adopting a mowing plan in January 2001. According to the Association, however, "[t]he right[ ] to enforce the 'pristine and undeveloped' language would have run within two years of the mowing beginning in the seventies."

An action alleging violation of a restrictive covenant must be brought within two years after the right of action accrues.[4] A right of action accrues "immediately upon the violation of the covenant restricting lands to certain uses."[5] To support its statute of limitation argument, the Association cites *Helmley v. Liberty County*,[6] in which we held that a right of action based on a covenant violation caused by a permanent fixture accrues when the violation first results. This case, however, does not involve a permanent fixture. Mowing is a distinct, separate act that constitutes an alleged breach each time it occurs. And the owners' right of action accrued immediately upon the performance of the act — here, in January 2001.[7] Accordingly, the trial court properly refused to find the mowing claims barred by the statute of limitation.[8]

---

[3] See id.

[4] See OCGA § 9-3-29 (a). An exception to this two-year time period involves violations for failure to pay assessments or fees, which are governed by a four-year statute of limitation. See OCGA § 9-3-29 (a)-(b).

[5] OCGA § 9-3-29 (c).

[6] 242 Ga. App. 881, 883-884 (2) (531 SE2d 756) (2000) (statute of limitation on claim that existence of commercial fishing operation violated restrictive covenant began when business was constructed on property, over 20 years before claimants filed suit).

[7] See OCGA § 9-3-29 (c); see also *City of Gainesville v. Waters*, 258 Ga. App. 555, 558 (3) (574 SE2d 638) (2002) ("Where a nuisance is not permanent in its character, but is one which can and should be abated by the person erecting or maintaining it, every continuance of the nuisance is a fresh nuisance for which a fresh action will lie.").

[8] The Association does not argue that, and thus we need not address whether, the owners' failure to enforce the restrictive covenant earlier amounts to a waiver. See *Devins v.*

2. Nevertheless, we agree with the Association that the trial court erred by concluding, based on the principles of res judicata, that mowing violates the restrictive covenants. Following the trial, the lower court determined that the mowing claims raise "the same issue litigated between the parties in [the prior action], i.e., whether or not the mowing of the undeveloped areas of the Island violate[s] the . . . covenants." It also noted that, in the earlier case, it found that the Association contravenes the covenants whenever it mows the undeveloped area. The trial court did not revisit that ruling in the second suit or make any additional factual findings. It simply concluded that its earlier ruling was res judicata and, thus, binding on the parties and the court.

"The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action."[9] As discussed above, the trial court determined that the statute of limitation barred the owners' first complaint. In this action, however, the trial court properly found the mowing claims to be timely. Given that the statute of limitation barred the mowing claims in the first suit, but not in the second, we cannot find identity of claims.

Perhaps the trial court intended to base its ruling on collateral estoppel, which precludes relitigation of an issue previously adjudicated on the merits. Explaining the difference between res judicata and collateral estoppel, our Supreme Court has stated:

Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.[10]

On the surface, the trial court's ruling regarding mowing appears to meet these requirements. Collateral estoppel, however, only applies to previously litigated issues that are *essential* to the

---

*Leafmore Forest Condo. Assn. of Owners*, 200 Ga. App. 158, 159 (2) (407 SE2d 76) (1991) (discussing waiver argument, but noting that association's lack of knowledge regarding condominium owner's prior breaches of restrictive covenants precluded waiver defense); see also *Stanley v. Greenfield*, 207 Ga. App. 390, 391 (3) (61 SE2d 818) (1950) ("[A] party with full knowledge of his rights who has been guilty of delay and laches in asserting them, and has negligently suffered large expenditures by another party on whom great injury would be inflicted, is not entitled to an injunction.").

[9] *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865 (1) (463 SE2d 5) (1995).

[10] (Footnote omitted.) Id. at 867 (2).

judgment entered in the prior action.[11] And the trial court did not need to reach the merits of the owners' initial mowing claim in order to find that claim barred by the statute of limitation.[12]

Accordingly, the trial court erred in concluding that its prior determination precludes litigation of the mowing issue in this case.[13] It follows that we must reverse the trial court's final judgment as to Counts 1 and 3 and remand so that the trial court can address these claims on the merits. The final judgment as to Counts 2 and 4, which the Association did not challenge, is affirmed.

*Judgment affirmed in part and reversed in part. Barnes and Miller, JJ., concur. Smith, C. J., disqualified.*

DECIDED SEPTEMBER 17, 2003 —
RECONSIDERATION DENIED OCTOBER 7, 2003.

*Randall M. Clark*, for appellant.
*James P. Fields*, for appellees.

---

[11] See *Kent v. Kent*, 265 Ga. 211 (1) (452 SE2d 764) (1995).
[12] See *Gober v. Nisbet*, 186 Ga. App. 264, 266 (2) (367 SE2d 68) (1988) (because defendants were entitled to summary judgment on statute of limitation grounds, the court did not need to address the merits of plaintiffs' claims).
[13] See *Kent*, supra.
[1] See *Emory Univ. v. Smith*, 260 Ga. App. 900 (581 SE2d 405) (2003).