## S09A0295. BODY OF CHRIST OVERCOMING CHURCH OF GOD, INC. v. BRINSON.

(680 SE2d 856)

HINES, Justice.

The Body of Christ Overcoming Church of God, Inc. ("Church") appeals from the trial court's grant of Roy Brinson's motion for summary judgment in the Church's petition for quiet title to a parcel of real property in Fulton County. Finding that the trial court erred in granting summary judgment without the requested oral argument, we reverse.

The Church was incorporated in 1989. Cora Lee Brinson was the pastor of the Church and executed a quitclaim deed for the property in favor of the Church on September 12, 1989;[1] the Church asserts it has no other assets. Ms. Brinson died in 1998, and the Church was administratively dissolved by the Secretary of State's office on July 5, 1998. On March 4, 2005, Lonnie L. Kelley, Jr., filed to reinstate the Church as a corporate entity; the articles of incorporation were amended to include "Minister Lonnie L. Kelley, Jr." as a board member, and Kelley was listed as the incorporator. The Secretary of State issued a certificate of reinstatement effective March 17, 2005, with the declaration that the reinstatement related back to the date of the administrative dissolution.

On August 26, 2005, Roy Brinson ("Brinson") filed a warranty deed to the parcel as "surviving spouse of Cora Lee Brinson and Cora Lee Brinson as sole trustee" of the Church, and named himself grantee. He also filed suit in DeKalb County against Kelley,[2] challenging Kelley's authority to file for reinstatement or act on behalf of the Church. On May 25, 2007, the DeKalb County Superior Court ruled that Kelley did not have the capacity to file for reinstatement, or in any other way represent the Church. Kelley did not appeal.

On June 25, 2007, the Church filed a petition to quiet title against Brinson[3] in Fulton County. Brinson moved for summary judgment, which the trial court granted, determining that the prior DeKalb County judgment addressing Kelley's ability to reincorporate the Church was res judicata as to the validity of the Church's

---

[1] She had previously executed a quitclaim deed from "Cora Lee Brinson as the Sole Trustee of the Body of Christ Overcoming Church of God" to "Cora Lee Brinson."

[2] He was joined in this suit by John Copeland, who is not otherwise identified. The Church has designated only limited portions of the record on appeal from the Superior Court of Fulton County, and the record in the DeKalb County case does not appear, although the final order in that case is included as an exhibit to Brinson's motion for summary judgment. The order of the DeKalb County Superior Court simply shows John Copeland as a plaintiff in the style of the case.

[3] After initiation of this suit, Roy Brinson died and Ralph Brinson was substituted as defendant.

reincorporation, and hence as to its ability to bring suit; the court reasoned that, as a prior court had ruled that the Church was not properly reincorporated, the Church's power to bring suit was thus extinguished in 2000, two years after its administrative dissolution. See OCGA § 14-2-1410; *Deere & Co. v. JPS Dev., Inc.*, 264 Ga. App. 672 (592 SE2d 175) (2003).

However, the Church timely filed a written request for oral argument on the motion for summary judgment that complied with Uniform Superior Court Rule 6.3. Despite this request, no argument was held.

> Rule 6.3 insures a right to oral argument of a summary judgment motion by declaring it *"shall* be permitted upon written request." . . . Thus, whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. [Cit.] All a party need do is make a written request for oral argument and it shall be held.

(Emphasis in original.) *Kelley v. First Franklin Financial Corp.*, 256 Ga. 622, 623-624 (351 SE2d 443) (1987). Further,

> [a] Uniform Superior Court Rule 6.3 request for oral argument on a motion for summary judgment entitles the party to a hearing on that motion, and the trial court's error in not granting the hearing cannot be harmless. [Cit.] . . . [A]ppellate review of the record is premature when the trial court "has not had the opportunity to consider the arguments of counsel at a timely requested hearing." [Cit.] This is so because "oral argument may illuminate issues obscured by the record or result in admissions by counsel that affect the summary judgment analysis." [Cits.]

*Heartwood II, LLC v. Jones*, 296 Ga. App. 303, 304 (674 SE2d 365) (2009). See also *Evers v. Evers*, 277 Ga. 132, n. 1 (587 SE2d 22) (2003); *Green v. McCart*, 273 Ga. 862, 863 (1) (548 SE2d 303) (2001); *Dixon v. McClain*, 204 Ga. App. 531 (1) (420 SE2d 66) (1992). Accordingly, the grant of summary judgment must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 29, 2009.

*Michael O. Mondy*, for appellant.

*Chamberlain, Hrdlicka, White, Williams & Martin, David N. Dreyer, Gary S. Freed*, for appellee.