S10A0392. BODY OF CHRIST OVERCOMING CHURCH OF GOD, INC. v. BRINSON.

(696 SE2d 667)

NAHMIAS, Justice.

Body of Christ Overcoming Church of God, Inc., appeals from the Fulton County Superior Court's grant of summary judgment to Ralph Brinson on the Church's claim to quiet title to certain property. The Fulton County court granted summary judgment based on "the doctrine of res judicata." The trial court concluded, among other things, that a prior DeKalb County Superior Court judgment had determined that Lonnie Kelley, who is purportedly acting as a director of the Church corporation, had no authority to act on behalf of or represent the church when he purported to reinstate the Church as a corporation in 2005 and that the Church

therefore was not properly reinstated as a corporation.[1] Although we conclude the trial court erred in granting summary judgment based on res judicata, the trial court's rulings support the grant of summary judgment based on the closely-related doctrine of collateral estoppel. See *Braley v. City of Forest Park*, 286 Ga. 760 (692 SE2d 595) (2010) (affirming grant of summary judgment under the "right for any reason" rule). Accordingly, we affirm.

> The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. . . . Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.

*Karan, Inc. v. Auto-Owners Ins. Co.*, 280 Ga. 545, 546 (629 SE2d 260) (2006) (citation omitted). On the other hand,

> [t]he related doctrine of collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.

Id. (citation omitted).

We first address the doctrine of res judicata. In DeKalb County, Brinson brought a declaratory judgment action, seeking, among other things, a ruling that Kelley did not have the authority to act on behalf of or to represent the Church corporation. When the Church filed the quiet title action in Fulton County, Brinson raised as a defense that Kelley had directed the filing of the action and that he had no authority to act on behalf of or to represent the Church.

---

[1] The Church had been administratively dissolved as a corporation in 1998. This is the second appeal of this case. In *Body of Christ Overcoming Church of God, Inc. v. Brinson*, 285 Ga. 613 (680 SE2d 856) (2009), we reversed the trial court's grant of summary judgment to Brinson because the court failed to hold an oral hearing, as requested by the Church, before ruling on Brinson's motion. See id. at 613-614. On remand, the trial court held a hearing and again granted summary judgment to Brinson.

Brinson moved for summary judgment on this ground. However, Brinson did not file a declaratory judgment counterclaim, seeking another declaration that Kelley had no authority to act on behalf of the Church. Therefore, it appears that there is not an identity of causes of action in both cases and that, strictly speaking, the doctrine of res judicata does not apply. See *Morrison v. Morrison*, 284 Ga. 112, 115 (663 SE2d 714) (2008) (for purposes of res judicata, "[t]he fact that the subject matter of different lawsuits may be linked factually does not mean that they are the same 'cause' . . ." "'For that doctrine to act as a bar, "the cause of action in each suit must be identical.'" (citations omitted)).

Turning to collateral estoppel, the trial court correctly concluded that the issue of Kelley's authority to act on behalf of the Church was determined by the DeKalb County judgment and was raised again in this case. This litigation therefore involves an issue that had been resolved on the merits in prior litigation, satisfying one aspect of collateral estoppel. See *Karan*, 280 Ga. at 546.

The trial court also correctly concluded that there is an identity of the parties or their privies between the two actions. See *Brown & Williamson Tobacco Corp. v. Gault*, 280 Ga. 420, 421 (627 SE2d 549) (2006) ("A privy is generally defined as 'one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right.'" (citation omitted)). Both actions involved Roy Brinson or his brother and heir Ralph, who was substituted for Roy when Roy died after the Fulton County action was filed. Under Brinson's theory that the Church was not properly reinstated in 2005, Kelley has been the only party opposing him in the two actions. And even under the Church's theory that Kelley has the authority to act on its behalf and that it was properly reinstated in 2005, the Church and Kelley are privies, because a Church corporation may only conduct its "business and affairs" under the direction of its board of directors, OCGA § 14-3-801 (b), and because the record clearly shows that Kelley, purporting to control the corporation as a director, directed the filing of the Fulton County lawsuit. See *QoS Networks Ltd. v. Warburg, Pincus & Co.*, 294 Ga. App. 528, 531-532 (669 SE2d 536) (2008) (treating directors and corporation as the same parties for purposes of res judicata on the ground that the directors controlled the actions of the corporation).

Finally, contrary to the Church's contention, the previous litigation was decided by a court of competent jurisdiction. The DeKalb County case was filed in the superior court in the county of Kelley's residence, and that court could adjudicate whether he had the authority to act on behalf of or to represent the Church corporation. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI (all but certain specified

types of civil cases "shall be tried in the county where the defendant resides").

Because the prior DeKalb County action adjudicated that Kelley did not have the authority to act on behalf of or to represent the Church corporation and because the record in this case shows that he did so by directing the filing of this action, summary judgment to Brinson was proper under the doctrine of collateral estoppel.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 2010.

*Michael O. Mondy*, for appellant.
*Chamberlain Hrdlicka, David N. Dreyer, Gary S. Freed*, for appellee.