[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15156
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-05467-JPB

UMEKKI GREEN,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF HEALTH AND HUMAN SERVICES,
GERLDA B. HINES,
KEITH V. HORTON,
SHIRLEY ST. HILLARE,
LASHONE STARR,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 18, 2021)

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Umekki Green appeals *pro se* the district court's dismissal of her complaint against the Georgia Department of Health and Human Services, Gerlda B. Hines, Keith V. Horton, Shirley St. Hillare, and Lashone Starr for violations of the Georgia Whistleblower Act, Family Medical Leave Act, and Americans with Disabilities Act and for intentional infliction of emotional distress. Green argues that the district court erred by failing to (1) apply judicial estoppel, (2) toll the applicable statutes of limitations, and (3) afford her due process of law. Because we find no error in the district court's order, we affirm.

## I.

After four years working for the Fulton County Department of Family and Children Services, Green was terminated for allegedly falsifying case documents. According to the DFCS, that falsification left a child in an unsafe and dangerous situation, eventually causing that child's death. After being denied unemployment benefits, Green filed a complaint with the United States Equal Employment Opportunity Commission in which she alleged that her termination constituted discrimination on the basis of disability and retaliation. The EEOC issued Green a notice of right to sue letter in August 2015, and Green filed a complaint against DHS, Horton, Starr, St. Hillare, and others in the United States District Court for the

2

Northern District of Georgia approximately two months later. She moved to voluntarily dismiss the complaint soon after, and the district court granted her motion without prejudice.

About six months later, in February 2017, Green filed a complaint against DHS, Horton, DFCS, St. Hillare, and then-DHS Commissioner Robyn Crittenden in the Superior Court of Fulton County. She alleged that her termination violated the Georgia Whistleblower Act, O.C.G.A. § 45-1-4, and that the statute of limitations should be tolled pursuant to O.C.G.A. § 9-3-91 due to her mental health impairments. The state court held that Green had failed to allege a qualifying disability that would allow tolling under Section 9-3-91 and dismissed her complaint with prejudice as barred by the one-year statute of limitations. Green appealed and the Court of Appeals dismissed her appeal for lack of jurisdiction. She then filed a petition for writ of certiorari in the Supreme Court of Georgia, which was denied. Her motion for reconsideration was likewise denied.

Green then filed the present action in the Northern District of Georgia, alleging violations of the ADA, FMLA, and GWA, and intentional infliction of emotional distress. The defendants moved to dismiss the complaint and a magistrate judge issued a final report and recommendation in which he recommended that the district court grant the motion. In the report and recommendation, the magistrate judge erroneously stated that Green had failed to file a response to the motion to

dismiss but explicitly reviewed the entire record in reaching his conclusions. Green filed objections to the report and recommendation, arguing that the court had ignored her response to the motion to dismiss and that she was denied due process in both state court and the district court. The district court adopted the final report and recommendation and dismissed Green's ADA, FMLA, and GWA claims with prejudice and her intentional infliction of emotional distress claim against DHS without prejudice. We now address her appeal of that order.

## II.

"We review *de novo* the district court's grant of a motion to dismiss under 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Green argues that the district court erred by (1) failing to invoke judicial estoppel, (2) failing to toll the applicable statutes of limitations due to her alleged disability, and (3) denying her due process. In the statement of the issues, she also alleges that (1) the district court erred by failing to accept the allegations in the complaint as true and to view the facts in a light most favorable to her as the plaintiff and by ignoring evidence of fraud, misinformation, deliberate concealment, and intentional infliction of emotional harm; and (2) the district court's findings and conclusions are unsupported by or contrary to the evidence. We address each issue in turn.

4

First, Green argues that the district court erred by failing to invoke judicial estoppel to preclude the defendants from asserting fraudulent defenses in state and federal court. This Court typically reviews the district court's application of judicial estoppel for abuse of discretion. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). Because Green did not raise the issue of judicial estoppel in her objections to the magistrate judge's report and recommendation, however, we review only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

Neither the magistrate judge nor the district court erred, let alone plainly erred, in addressing Green's complaint or failing to apply judicial estoppel. Judicial estoppel is an equitable doctrine that courts may apply in order to "prevent the perversion of the judicial process and protect its integrity by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017). But the defenses that Green argues were inconsistent and fraudulent had no bearing on the district court's dismissal of Green's claims as time-barred. Because the defendants' defenses were irrelevant to the court's analysis, it did not err in failing to invoke judicial estoppel.

Second, Green argues that the district court erred in determining that her claims were not eligible for either statutory tolling under O.C.G.A. § 9-3-91 or equitable tolling. She asserts that the court failed to consider the totality of the

evidence regarding her mental health impairments and should not have applied collateral estoppel because the issues were not fully and fairly litigated in a prior proceeding. We review the district court's application of both equitable tolling and collateral estoppel *de novo*. *Booth v. Carnival Corp.*, 522 F.3d 1148, 1149 (11th Cir. 2008); *Quinn v. Monroe Cnty.*, 330 F.3d 1320, 1328 (11th Cir. 2003). Because Green only objected to the magistrate judge's report and recommendation that she was eligible for statutory tolling and did not object to the recommendations regarding collateral estoppel or equitable tolling, however, we review those unchallenged grounds for plain error only if it is necessary in the interests of justice. *See* 11th Cir. R. 3-1.

The district court did not err in concluding that collateral estoppel precluded reconsideration of Green's statutory tolling argument. O.C.G.A. § 9-3-91 tolls the statute of limitations for a person who "suffers a disability specified in Code Section 9-3-90 after his right of action has accrued and the disability is not voluntarily caused or undertaken by the person claiming the benefit thereof." Under Georgia law, collateral estoppel applies if the same parties or their privies actually litigated the same issue in a prior action and that issue was necessarily decided on the merits in a final judgment by a court of competent jurisdiction. *Community State Bank v. Strong*, 651 F.3d 1241, 1264 (11th Cir. 2011). "A privy is generally defined as one who is represented at trial and who is in law so connected with a party to the

6

judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Body of Christ Overcoming Church of God, Inc. v. Brinson*, 696 S.E.2d 667, 669 (quotation marks omitted). A final decision against a party based on the statute of limitations is a decision on the merits under Georgia law. *Hill v. Wooten*, 279 S.E.2d 227, 228 (Ga. 1981); *see also ALR Oglethorpe, LLC v. Henderson*, 783 S.E.2d 187, 193 (Ga. App. 2016). An issue does not have to be a part of an identical cause of action for collateral estoppel to apply. *Community State Bank*, 651 F.3d at 1265.

Here, collateral estoppel applies to the Superior Court of Fulton County's decision. In its final order, the Superior Court of Fulton County held that O.C.G.A. § 9-3-91 did not apply because Green failed to demonstrate that her mental health impairments qualified as a disability under the statute. That adjudication was on the merits—the case was dismissed with prejudice on statute of limitations grounds. *See Hill*, 279 S.E.2d at 228; *ALR Oglethorpe, LLC*, 783 S.E.2d at 193. And the Fulton County Superior Court was a court of competent jurisdiction. Ga. Const. art. VI, §§ 2,4; O.C.G.A. § 9-10-31(b). The named defendants in that case included three of the defendants named in the present action: the Georgia DHS, Horton, and St. Hillare. Hines and Starr were not parties to the state court case. However, Hines is in privity with DHS because he has the same interest in the litigation as DHS. *See Body of*

7

*Christ Overcoming Church of God, Inc.*, 696 S.E.2d at 669. And Starr is in privity with DFCS as its employee. *See id.*

The district court also did not err in declining to apply equitable tolling. A party seeking equitable tolling must prove that (1) she has been pursuing her rights diligently, and (2) some extraordinary circumstance prevented her from timely filing. *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc). Green has not alleged, and the record does not reveal any exceptional circumstance that prevented her from timely filing the complaint. Instead, she argues that her mental health impairments constitute such an exceptional circumstance. But her mental health impairments have not stopped her from filing several actions based on the present allegations between the time of her termination and the time of initiating the present action. Accordingly, neither statutory nor equitable tolling applies.

Third, the district court did not deny Green due process. We review *de novo* whether a due process violation has occurred. *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 725 (11th Cir. 2014). The Due Process Clause of the Fourteenth Amendment prohibits states from depriving an individual of "life, liberty, or property, without due process of law." *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (quotation marks omitted). Generally, before a court may dismiss a plaintiff's complaint, due process requires that it provide the plaintiff with

8

notice of its intent to dismiss or an opportunity to respond. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

Green first argues that the magistrate judge denied her an opportunity to be heard by erroneously stating that she had not filed a response to the defendants' motion to dismiss. But that oversight did not deprive Green of an opportunity to be heard because the magistrate judge did not rely on that belief in crafting his recommendation. Moreover, the district court reviewed Green's response to the motion to dismiss before rendering the final order and explicitly recognized the magistrate judge's oversight.

Green also argues that the magistrate judge and district court were biased against Green as a *pro se* litigant. As evidence of that bias, she points to the magistrate judge's reference to her *pro se* status in its report and recommendation and the district court's denial of her second *in forma pauperis* motion. But the magistrate judge's reference to her past *pro se* actions was directly relevant to his collateral estoppel analysis; he referenced those actions when analyzing whether exceptional circumstances prevented Green from filing the complaint. Moreover, the record reflects that the magistrate judge properly afforded Green the leniency owed to *pro se* parties. And the district court's denial of Green's second *in forma pauperis* motion does not evidence bias simply because it was unfavorable to her, especially in light of the fact that it granted her first *in forma pauperis* motion.

9

Green's remaining arguments likewise fail. The magistrate judge and district court both explicitly accepted the allegations in the complaint as true and recited the facts in the light most favorable to Green. But her allegations of fraud, misinformation, or deliberate concealment were irrelevant to the determination that the complaint was untimely filed. And the district court dismissed Green's intentional infliction of emotional distress claim because neither party objected to the magistrate judge's report and recommendation regarding that claim. Because Green did not object to the magistrate judge's report and recommendation regarding this issue and only made a brief reference to it in the statement of the issues on appeal, she has abandoned it. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–82 (11th Cir. 2014) (holding that a party abandons an issue by only making passing reference to it in the brief's statement of the case and summary of the argument sections and raising it only in a background discussion of the argument). Finally, Green conceded that the complaint was untimely and, for the foregoing reasons, the district court's conclusion that the statutes of limitations should not be tolled is well supported by the record and law.

## III.

The district court is **AFFIRMED.** The Appellees' motion for summary dismissal of the appeal as frivolous is **DENIED AS MOOT**.

10